# IN THE COURT OF APPEALS OF IOWA

No. 24-0886
Filed January 28, 2026

**State of Iowa,**
Plaintiff–Appellee,
v.
**Jon Lee Zimmerman,**
Defendant–Appellant.

Appeal from the Iowa District Court for Black Hawk County,
The Honorable Melissa Anderson-Seeber, Judge.

**AFFIRMED**

John C. Heinicke of Kragnes & Associates, P.C, Des Moines, attorney for
appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney
General, attorneys for appellee.

Considered without oral argument
by Schumacher, P.J., and Badding and Langholz, JJ.
Opinion by Badding, J.

**BADDING, Judge.**

Jon Zimmerman appeals the sentence imposed after his guilty plea for failing to comply with the sex offender registry, second offense. Under a plea deal with the State, Zimmerman agreed to the imposition of a five-year term of incarceration and a $1,025 fine, along with the corresponding surcharge. The district court sentenced Zimmerman to the agreed-upon term of incarceration but suspended the fine and surcharge.

Zimmerman challenges this more lenient sentence, arguing that when a prison term is imposed—but the fine is suspended—the resulting sentence is illegal.[1] In making this argument, Zimmerman adopted the reasoning of the partial dissent in *State v. Laue*, No. 23-0208, 2023 WL 8448475, at *2 (Iowa Ct. App. Dec. 6, 2023) (Ahlers, J., concurring in part and dissenting in part). But after the parties filed their appellate briefs, we decided *State v. Cullum*—an en banc decision in which the majority of our court determined that our sentencing scheme "allow[s] a suspension of a fine when the defendant is sentenced to incarceration instead of probation." No. 23-0911, 2025 WL 2057904, at *4 (Iowa Ct. App. July 23, 2025) (en banc).

---

[1] Because Zimmerman is challenging a discretionary sentence that was neither mandatory nor agreed to as part of his plea bargain, and because he is arguing that part of his sentence is illegal, we conclude he has good cause to appeal under Iowa Code section 814.6 (2024). *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (holding good cause exists to appeal "a discretionary sentence that was neither mandatory nor agreed to as part of [a] plea bargain"); *State v. Heginger*, No. 20-1657, 2021 WL 5105918, at *1 (Iowa Ct. App. Nov. 3, 2021) (finding good cause for appeal where, even though the defendant received the agreed-upon sentence, he claimed part of it was illegal). *But see State v. Spencer*, No. 23-0844, 2024 WL 3518267, at *1 (Iowa Ct. App. July 24, 2024) (dismissing appeal for lack of good cause where the defendant claimed the court "imposed an illegal sentence by suspending the fine on the robbery charge without placing him on probation" because he "received the sentence to which he agreed").

We find no reason to depart from *Cullum* here.  Because the district court did not impose an illegal sentence when it sentenced Zimmerman to prison but suspended the applicable fine and surcharge, we affirm.

**AFFIRMED.**